1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PERIMETER SOLUTIONS, L.P.,            No.  2:24-cv-01276-DAD-CSK

12                     Plaintiff,

13          v.                              ORDER DENYING PLAINTIFF'S REQUEST
                                            TO SEAL EXHIBIT B TO ITS COMPLAINT
14   FORTRESS NORTH AMERICA, L.L.C.,
                                            (Doc. No. 5)
15                     Defendant.

16

17          On May 2, 2024, plaintiff Perimeter Solutions, L.P. filed a notice of its request to seal an

18   employment agreement ("the Agreement"), which it attached as exhibit B to its complaint.  (Doc.

19   No. 5.)  On June 13, 2024, the court directed defendant Fortress North America, L.L.C. either to

20   file a statement of non-opposition to the pending request to seal or to submit an opposition to

21   plaintiff's request to seal in the manner prescribed by Local Rule 141(c).  (Doc. No. 14.)

22   Defendant timely filed its opposition to the request to seal on June 27, 2024.[1]  (Doc. No. 21.)  For

23   the reasons explained below, the court will deny plaintiff's request to seal exhibit B to its

24   complaint.

25   /////

26

27   _____
     [1]  That same day, defendant filed a notice of withdrawal of its opposition, which had been filed on
28   the public docket, and submitted its opposition to the court by email pursuant to Local Rule 141
     (c), as required.  (Doc. No. 22.)

                                             1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEGAL STANDARD**

All documents filed with the court are presumptively public.  *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[2]

Two standards generally govern requests to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)).  The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials."  *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

---

[2]  Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction."  However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

*Id.* at 1178–79 (internal quotation marks and citations omitted).  The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard.  *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  The court agrees with the parties that the "compelling reasons" standard applies here.  (*See* Req. at 2; Doc. No. 21 at 5.)

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*  Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

## ANALYSIS

Plaintiff's argument in its request to seal, in its entirety, is as follows:

> Exhibit B to the Complaint is a "Personal and Confidential" Agreement to Release All Claims.  The Agreement contains confidential settlement terms regarding the termination of an employee from Perimeter Solutions L.P., including compensation information.  Paragraph 6 of the Agreement promises to "keep the facts and terms of this Agreement . . . strictly confidential." Parties' right to agree that the terms of their contractual agreement will be kept strictly confidential provides a compelling reason to seal the agreement and outweighs any public interest in understanding the judicial process. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
>
> To preserve the confidentiality of sensitive information agreed to by the parties, Perimeter Solutions L.P. moves the Court to allow it to file Exhibit B under seal.

(Req. at 2) (alterations in original).

In its opposition to the pending request, defendant points out that plaintiff has already quoted entire sections of the Agreement in its complaint filed publicly on the docket in this case.

(Doc. No. 21 at 5–6; *see also* Doc. No. 1 at 8–9.)  Defendant also argues that plaintiff has not stated what harm it would experience were the court to deny the pending request to seal, let alone provided any reasons supported by facts that outweigh the public's interest in disclosure.  (Doc. No. 21 at 6.)  Moreover, defendant asserts that when defense counsel informed plaintiff that defendant intended to quote from the Agreement in its motion to dismiss plaintiff's complaint, plaintiff's counsel "stated that no redaction or provisional filing under seal was necessary."  (*Id.* at 6 n.2.)  Defendant subsequently quoted from the Agreement in its motion to dismiss filed on June 25, 2024.  (*See* Doc. No. 19-1 at 8 & n.2, 9.)  In a footnote in its opposition to defendant's motion to dismiss, plaintiff stated that it "does not object to [the Agreement] being unsealed, subject to redaction of the specific payment terms in the 'Release Package' section . . . .  Aside from those specific numbers . . . Perimeter Solutions is not attempting to 'hide' the terms of the agreement."  (Doc. No. 23 at 14 n.4.)

        The court notes that plaintiff has requested to seal "10 pages . . . that should be sealed indefinitely from public access" (Req. at 2), and not, as it contends, merely certain specific payment terms appearing on one page of the Agreement.  In any event, plaintiff has failed to meet its burden with regard to the pending request to seal.  The mere existence of a confidentiality clause in an agreement is insufficient to satisfy plaintiff's burden to articulate compelling reasons that justify sealing with respect to either the specific payment terms or exhibit B in its entirety. *See Yates v. Cheeseburger Restaurants, Inc.*, No. 2:22-cv-01081-DAD-DB, 2023 WL 4747431, at *2 (E.D. Cal. July 25, 2023) (denying the defendant's request to seal where the defendant merely invoked "the parties' respective confidentiality obligations under the Agreements" and failed to provide further factual justification or legal authority supporting the sealing of the documents); *see also id.* at *3 (noting that "blanket sealing of an entire . . . document is generally inappropriate where only certain portions of the [document] are subject to sealing").  Contrary to plaintiff's argument, nothing in the Ninth Circuit's decision in *Kamakana* suggests otherwise.

/////

/////

/////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the reasons explained above, plaintiff's request to seal (Doc. No. 5) is denied, without prejudice to renewal based upon an appropriate showing.

IT IS SO ORDERED.

Dated:   **August 27, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5